IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-cr-015
7:10-cv-196

| | | |
|---|---|---|
| VINCENT SINCLAIR, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | ORDER |
| UNITED STATES OF AMERICA. | ) ) ) | |
| Respondent. | ) ) | |

This matter is before the Court on Petitioner's 18 U.S.C. § 2255 petition (D.E. #57) and the Respondent's Motion to Dismiss. (D.E. # 52). The Court DENIES Petitioner's petition and GRANTS the Respondent's Motion to Dismiss.

## FACTS

Petitioner was one of the Robeson County deputy sheriffs convicted for their involvement in the "Tarnished Badge Scheme." On February 7, 2007, the United States filed a three count criminal information against Petitioner: count one charged conspiring to possess with intent to distribute more than 500 grams of cocaine under 21 U.S.C. § 846; count two charged conspiring to kidnap an individual under 18 U.S.C. §§ 1201(a)(1) and (c); and count three charged using and carrying a firearm during and in relation to a crime of violence, and possessing the firearm in furtherance of the crime of violence under 18 U.S.C. § 924(c)(1). (D.E. #3).

On February 12, 2007, Petitioner waived indictment and entered guilty pleas to all counts pursuant to a written plea agreement. (D.E. ##6, 7).

On October 10, 2007, Petitioner filed a motion for downward departure. (D.E. #17).

On October 25, 2007, Petitioner's attorneys, Coy E. Brewer, Jr. and Ronnie M. Mitchell, moved to withdraw as Petitioner was unsatisfied with their performance. (D.E. #23). The Court held a hearing and granted the motion. (D.E. #24). On December 7, 2007, Attorney Robert McAfee filed a notice of appearance on behalf of Petitioner. (D.E. #27).

Petitioner filed a motion to withdraw his guilty plea on December 28, 2007, and the Respondent filed a response in opposition. (D.E. ##30, 39). After holding an evidentiary hearing on February 14, 2008, the Court denied the Petitioner's Motion and sentenced the Petitioner. (D.E. #44). The Court ordered Petitioner to 293 months' imprisonment on Counts One and Two, to be served concurrently, and 120 months' imprisonment on Count Three, to be served consecutively.[1]

Petitioner appealed. Mr. McAfee submitted an <u>Anders</u> brief, which stated that Petitioner presented no meritorious issues. However, the brief also challenged the Court's denial of Petitioner's Motion to Withdraw Guilty Plea and questioned whether counsel had provided ineffective assistance. Petitioner filed a pro se appellate brief which asserted (1) that his waiver of indictment failed to comply with the provisions of Fed. R. Crim. P. 7, (2) that the Court improperly conducted the Rule 11 hearing, (3) that officers violated the Fourth Amendment when they searched Petitioner's home, (4) that the Court failed to conduct a hearing into Mr. McAfee's potential conflict of interest, (5) that Petitioner's sentence was unreasonable, and (6) that the 18 U.S.C. § 924(c) offense was improperly charged in that it was predicated on the conspiracy to kidnap count. The Fourth Circuit found no merit to either the issues raised in the

---

[1] The Court also ordered five years of supervised release on Counts One and Two; three years of supervised release on Count Three, which the Court ordered Petitioner to serve concurrently; and a $300 special assessment. (D.E. #46).

Anders brief or in the Petitioner's pro se brief, and affirmed the conviction on April 30, 2009. (D.E. ##52, 56). The Supreme Court denied certiorari on October 14, 2009.

On September 30, 2010, Petitioner filed this § 2255 Petition, and filed a "Supplemental Memorandum of Law in Support" on October 18, 2010. (D.E. ## 57, 61).

## DISCUSSION

Petitioner's § 2255 Petition is without merit. Petitioner's claims all revolve around the alleged ineffective assistance of his lawyer, Mr. McAfee. Specifically, Petitioner claims that (1) Mr. McAfee coerced Petitioner to enter the guilty pleas (Mem. IV-V, 10-17), (2) McAfee's alleged representation of "the Strickland brothers" conflicted with Mr. McAfee's representation of Petitioner (Mem. 2-8), (3) Mr. McAfee failed to prevent Respondent from using statements that Petitioner provided in a proffer session (Id. at 9-11), (4) Mr. McAfee failed to attain a substantial assistance downward departure (Id. at 18-19), and (5) Mr. McAfee failed to challenge Petitioner's ten year consecutive sentence for count three under 18 U.S.C. § 924(c)(1) (Id. at 20-23).

To demonstrate ineffective assistance of counsel, a petitioner must show (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-688 (1984). All of Petitioner's claims fail to satisfy this standard, and his Petition is dismissed.

### Coerced Guilty Plea

Petitioner claims Mr. McAfee coerced him to plead guilty. However, the record shows that Mr. McAfee did not begin representing Petitioner until two months after Petitioner's Rule 11 hearing. (D.E. ## 23, 27). Accordingly, this argument has no merit.

3

## Conflict of Interest

Petitioner also argues that McAfee's alleged previous representation of "the Strickland brothers" conflicted with Mr. McAfee's representation of Petitioner because Mr. McAfee knew that the Stricklands provided the United States with information used in Operation Tarnished Badge—the same investigation that lead to Petitioner's arrest.

To establish that a conflict of interest resulted in ineffective assistance, "[m]ore than a mere possibility of a conflict ... must be shown." United States v. Tatum, 943 F.2d 370, 375 (4th Cir.1991). A petitioner must show that his attorney was under "an actual conflict of interest" and that this conflict of interest "adversely affected his lawyer's performance." Cuylers v. Sullivan, 446 U.S. 335, 349-350 (1980). To show a conflict of interest, Petitioner "must show that his interests diverged with respect to a material fact or legal issue or to a course of action." Gilbert v. Moore, 134 F.3d 642, 652 (4th Cir. 1998)(en banc). Even if the Petitioner meets this burden, "an adverse effect is not presumed from the existence of an actual conflict of interest." United States v. Nicholson, 475 F.3d 241, 249 (4th Cir. 2007).

Here, Petitioner does not state how the testimony or prosecution of the Stricklands led to his arrest. Thus, Petitioner has failed to show more than a "mere possibility" of an actual conflict. Tatum, 943 F.2d at 375. Even if Petitioner had shown such a conflict, he has not demonstrated how this alleged conflict affected his attorney's performance.

## The Proffer Session and Petitioner's right against self-incrimination

Petitioner also claims that the Respondent improperly used protected proffer statements to enhance his sentence, and that Mr. McAfee failed to object to the use of these statements. This argument fails.

4

The Petitioner signed a plea agreement with the Respondent that stated "[t]here are no other agreements between the parties in addition to or different from the terms herein. This agreement specifically supersedes the proffer agreement executed by the defendant..." (D.E.#7, p 1). As the plea agreement did not protect Petitioner's proffer statements, the Petitioner cannot show that either Respondent or Mr. McAfee acted improperly.

<u>Substantial Assistance Downward Departure</u>

Petitioner also claims that Mr. McAfee failed to obtain a substantial assistance downward departure. This argument is meritless.

Petitioner plea agreement states that the Respondent "will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the United States is not promising to move for departure pursuant to U.S.S.G. §5K1.1, 18 U.S.C. §3553(e), or Fed. R. Crim. P. 35." (D.E. #7, p 9-10). Thus, Respondent was under no obligation to request a departure, and the Court was under no obligation to grant it. United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (holding district court rightly refused to grant downward departure when plea agreement provided for the Respondent's discretion in seeking departure). Accordingly, the Petitioner cannot show he was prejudiced by Mr. McAfee alleged failure to raise this issue at the sentencing hearing.

<u>18 U.S.C. § 924 10-year mandatory minimum</u>

Finally, Petitioner claims his lawyer failed to object to an alleged sentencing error: The Court found that 18 U.S.C. § 924 required a 10-year mandatory minimum sentence for Petitioner's possession and use of a firearm during his drug trafficking and kidnapping crimes; Petitioner claims that this was an error because § 924's mandatory minimum is inapplicable

5

when the underlying conviction has a greater mandatory minimum. The Fourth Circuit, however, has rejected this interpretation.

Section 924 (c)(1)(A) states:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime.

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Petitioner's interpretation of the statute reflects the minority view held by the Second Circuit. The Fourth Circuit, however, has adopted the majority view of § 924, held by the First, Fifth, Sixth, Seventh, and Eight Circuits. The majority view holds that § 924's "except" clause refers only to firearm-related conduct proscribed either by § 924(c)(1) or "by any other provision of law," and not to the underlying drug trafficking crime or crime of violence. United States v. Studifin, 240 F.3d 415, 423 (2001); See also, United States v. Easter, 553 F. 3d 519 (7th Cir. 2009) (outlining the views of the different circuits). Thus § 924 (c)(1)(A) required a mandatory 10-year minimum for Petitioner's firearm conduct, regardless of the mandatory minimum required by Petitioner's kidnapping and drug trafficking convictions.

Accordingly, Petitioner's final claim is baseless.

6
Case 7:07-cr-00015-BO   Document 71   Filed 01/12/11   Page 6 of 7

## CONCLUSION

Petitioner's § 2255 petition is without merit and is therefore DISMISSED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

SO ORDERED, this \_\_11\_\_ day of January, 2011.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE